**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE
MDD_TJSchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

February 13, 2015

LETTER TO COUNSEL

    Re:   *In the Matter of the Search of tmalo75285@yahoo.com*
            Case No. TJS-14-0981

Dear Counsel:

    Pending before the Court is Thomas E. Maloney, Sr.'s ("Mr. Maloney") "Motion to Quash/For Protective Order" ("Motion") (ECF No. 6.) The Government opposes Mr. Maloney's Motion. (ECF No. 12.) Having considered the submissions of the parties, the Court finds that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, Mr. Maloney's Motion will be granted in part and denied in part.

    On April 24, 2014, the Court issued a search warrant for Mr. Maloney's email account, tmalo75285@yahoo.com (the "email account"), which is maintained by Yahoo, Inc. (Yahoo!), 701 First Avenue, Sunnyvale, California 94089. Mr. Maloney proffers that the email account contains information that is protected by the attorney-client privilege, the attorney work product protection, and the "marital privilege as to confidential communications." (ECF No. 6 ¶¶ 1-9, 11.) Specifically, the email account contains "hundreds of emails" between Mr. Maloney and his attorney "regarding the State Court case and the federal investigation." (*Id.* ¶ 8.) Mr. Maloney requests that the Court either "quash" the search warrant for the email account, or enter a protective order that would permit Mr. Maloney to choose which emails the Government may review.

    Mr. Maloney argues that the Government is "deliberately seeking emails from the period post November 30, 2012," which is the date a search warrant was executed at his residence. During this time period, he argues, he regularly consulted with his attorney about his pending criminal case in state court. He states that many of the emails are protected by the attorney-client privilege or the work product doctrine. If the Court is unwilling to "quash" the search warrant—and the Court is unwilling to do so because Mr. Maloney has articulated no basis for such relief—Mr. Maloney requests that the Court enter a protective order. Under Mr. Maloney's proposed protective order, his attorney would review all of the emails and advise the Court which of the emails are protected by a recognized privilege. The Government would not have access to any emails Mr. Maloney designates as privileged, but would have an opportunity to "dispute[] the designation as to particular e-mails" and request the Court to conduct an *in camera* review.

    The Government asks the Court to reject Mr. Maloney's proposal. It states that "a taint team has been established to review the documents produced from the search warrant being

challenged herein." (ECF No. 12 at 4-5.) Without stating in detail how the "taint team" will function in this case, or who it will be composed of, the Government states that the "taint team" will "provide[] the potentially privileged emails to the petitioner," so that the parties may "litigate those items the petitioner alleges are privileged and not subject to any exceptions." (ECF No. 12 at 6.) The Government insists that the entry of a protective order is not required in this case.

The Fourth Circuit has not directly addressed the propriety of the use of a "taint team" to act as a filter for privileged communications seized in the execution of a search warrant. In *United States v. Myers*, 593 F.3d 338, 341 (4th Cir. 2010), the court recognized the use of "taint teams." *Myers* noted that:

> Courts sometimes allow privilege review by government attorneys uninvolved in the matter; they are called a "privilege team" or "taint team." *See United States v. Jackson,* No. 07–0035, 2007 WL 3230140, at *5 (D.D.C. Oct. 30, 2007) (discussing when courts have allowed privilege review by taint teams). *See also* United States Attorneys' Manual § 9–13.420 (2009) (stating that a "privilege team . . . consisting of agents and lawyers not involved in the underlying investigation" should be used when seized items may include privileged material).

*Id.* Similarly, in *United States v. Lentz*, 524 F.3d 501, 516 (4th Cir. 2008), the court summarized the government's use of a "taint team," without expressly approving of such a procedure. *Id.* ("Given the unusual, but potentially dangerous situation, the government established a team of prosecutors and agents, separate from the kidnapping team, to investigate the murder-for-hire allegations.")

Other courts that have addressed the use of "taint teams" in criminal proceedings have considered a number of common factors to determine the propriety of such a practice. First, courts have considered whether the use of a "taint team" would be "respectful of, rather than injurious to, the protection of privilege." *See United States v. Jackson*, No. 07-0035, 2007 WL 3230140, at *5-6 (D.D.C. Oct. 30, 2007). This factor is centered on the custody of the material claimed to be privileged. If the material is already in the custody of the Government, a "taint team" would assist in "sift[ing] the wheat from the chaff," or put another way, separating the privileged material from the non-privileged material. *Id.* at 5. Second, courts consider "the lawfulness of the acquisition of the documents to be reviewed," and whether such lawfulness was initially challenged. *Id.* Third, courts consider the number of documents at issue, with an inclination to appoint a special master "when the materials for review 'are not voluminous.'" *Id.* (quoting *Hicks v. Bush*, 452 F. Supp. 2d 88, 103 n.12 (D.D.C. 2006)). Fourth, courts consider to what extent the use of a "taint team" creates an appearance of fairness or unfairness.

Applying these factors to Mr. Maloney's case, I find that the use of a "taint team" is warranted. First, the Government is already in possession of the contents of the email account, which it obtained by executing the search warrant. This factor weighs in favor of the Government's use of a "taint team" because the use of such a team will assist all parties in separating the privileged material from the non-privileged material. Second, while Mr. Maloney

has implicitly challenged the lawfulness of the search warrant, his challenge is principally that the search warrant is overbroad. Even assuming[1] that Mr. Maloney's argument has merit, I find that because the Government obtained the potentially privileged material pursuant to a search warrant, this factor weighs in favor of the use of a "taint team." Third, while the parties have not identified whether the materials seized pursuant to the search warrant are voluminous, I infer from Mr. Maloney's representations in his Motion, as well as the time frame of the material at issue, that the materials seized are voluminous. I do not find that the appointment of a special master would be warranted in this case. Fourth, I recognize that the use of a "taint team" could create an appearance of unfairness, but that this can be mitigated with a formal procedure that identifies how the "taint team" will operate. Accordingly, I will order the Government's "taint team" to follow the procedure I outline below. This procedure has been followed in other cases and may be a variant of the procedure the Government would have implemented anyway, but this Order will formalize the Court's expectations.

Within fourteen (14) days of the date of this Order, the materials seized from the email account shall be turned over to a "taint team," which shall be composed of an attorney or attorneys who are not part of the prosecution team and will never be so.

The "taint team" shall have sixty (60) days from the date of this Order to complete its review of the relevant materials seized from the email account. The "taint team" may seek an extension of this time from the Court if there is good cause for an extension. Following the completion of that review, the "taint team" will not conduct any further searches of the materials seized without further order of the Court.

In conducting its review, the "taint team" shall divide the relevant materials into two categories: (1) privileged information and (2) relevant non-privileged information. The "taint team" shall place all materials determined to contain "privileged information" in a secure container, which will be returned to counsel for Mr. Maloney promptly upon the completion of the "taint team's" review. The "taint team" may make a copy of the "privileged information" for the Court's reference only. To be clear, the "taint team" shall not produce a copy of the "privileged information" to the Government attorneys or agents investigating Mr. Maloney's case.

At the completion of its review, the "taint team" shall produce a complete copy of the documents seized pursuant to the search warrant to counsel for Mr. Maloney. In addition, the "taint team" shall identify to Mr. Maloney's counsel the materials that it considers to be privileged, and those that it considers to be relevant and non-privileged. The "taint team" shall report to the Court when it has produced the materials to Mr. Maloney's counsel.

Within thirty (30) days of receipt of the materials, Mr. Maloney and his counsel shall raise any objections to the Government's privilege determinations, and produce a copy of the

---

[1] Ultimately, another judge of this Court may be called upon to decide the lawfulness of the search warrant.

materials to the Court in the event that an *in camera* review is required.

The purpose of this procedure is to allow the Government to conduct its investigation without unnecessarily invading Mr. Maloney's privileged communications. This process also allows Mr. Maloney to object to any of the Government's privilege determinations, and for the Court to resolve any disputes. This procedure should not be construed to impose any obstacle to counsel for Mr. Maloney and the "taint team" conferring and reaching an agreement concerning communications that are privileged.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

                                                                                        /s/
                                            Timothy J. Sullivan
                                            United States Magistrate Judge